UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cv-636-RJC-DLH

| | |
|---|---|
| SEAN P. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| PETER S. GILCHRIST, III, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on Defendant's Motion for Summary Judgment, filed June 25, 2012. (Doc. No. 17). Plaintiff Sean P. Smith ("Plaintiff") filed his Complaint pursuant to 42 U.S.C. § 1983, alleging that Defendant Peter S. Gilchrist, III ("Defendant") fired him for speaking to FOX Charlotte as a private citizen about a matter of public concern. (Doc. No. 1). Plaintiff alleges that Defendant violated his rights to freedom of speech found in the First Amendment to the United States Constitution and in Article 1, Section 14 of the North Carolina Constitution. (Id.).

Qualified immunity from § 1983 claims "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). It "balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." Id. Claims to qualified immunity present a two-pronged inquiry. The governmental official will be granted immunity unless (1) "the facts that a plaintiff has alleged (see Fed. Rules Civ. Proc. 12(b)(6), (c)) or shown (see Rules 50, 56) make out a

violation of a constitutional right," and (2) "the right at issue was 'clearly established' at the time of [the] alleged misconduct." Pearson, 555 U.S. at 232. The Supreme Court clarified in Pearson that it is within the Court's discretion to decide "which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Id. at 236.

Defendant asserted qualified immunity in his Answer, (Doc. No. 8 at 13), but did not argue it in his Motion for Summary Judgment. See (Doc. No. 18). Given the Fourth Circuit's guidance in McVey v. Stacy that courts should give qualified immunity a "hard look," the Court raises the issue of qualified immunity sua sponte at this dispositive stage.[1] See McVey, 157 F.3d 271, 275 (4th Cir. 1998) (noting that it is "incumbent on the courts to review the immunity defense critically at an early stage of the proceedings"). The Court, therefore, orders supplemental briefing on the issue of qualified immunity.

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. On or before **September 11, 2012**, Defendant shall submit briefing on the issue of qualified immunity;

2. On or before **September 25, 2012**, Plaintiff shall file a response;

---

[1] See U.S. Dev. Corp. v. Peoples Fed. Sav. & Loan Ass'n, 873 F.2d 731, 735 (4th Cir. 1989) (recognizing that courts may raise summary judgment sua sponte). It is well-settled that qualified immunity is an affirmative defense, and that "the burden of pleading it rests with the defendant." Gomez v. Toledo, 446 U.S. 635, 640 (1980). Here, Defendant pled qualified immunity in his Answer. While the Fourth Circuit has held that defendants may waive their qualified immunity defense when they raise it in their Answer but never explain the legal or factual basis therefor, see Sales v. Grant, 224 F.3d 293, 296 (4th Cir. 2000), it does not appear that Fourth Circuit precedent would bar Defendant from arguing the defense for the first time at trial. See Buffington v. Baltimore Cnty., 913 F.2d 113, 121 (4th Cir. 1990); Noel v. Artson, 297 F. App'x 216, 218 (4th Cir. Oct. 22, 2008) (unpublished).

3.  On or before **October 1, 2012**, Defendant may file a reply; and

4.  The trial date currently set for September 24, 2012 shall be continued to **November 19, 2012**.

Signed: August 21, 2012

Robert J. Conrad, Jr.
Chief United States District Judge